**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAR CHARGING GROUP, INC. a Nevada Corporation and 350 HOLDINGS, LLC, a Florida limited liability company, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Case No. **13-cv-03124** |
| JNS HOLDING CORPORATION, a Delaware corporation, and JNS POWER & CONTROL SYSTEMS, INC., an Illinois Corporation, | ) ) ) ) ) | Hon. Elaine E. Bucklo |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR REASSIGNMENT AND CONSOLIDATION PURSUANT TO L.R. 40.4 AND FED. R. CIV. P. 42**

Plaintiffs Car Charging Group, Inc. ("CCGI") and 350 Holdings, LLC ("350 Holdings") (collectively, "Plaintiffs"), pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a), respectfully move this Court to reassign the case styled *JNS Power & Control Systems, Inc. v. 350 Green, LLC*, Case Number 13-cv-04020, pending before the Hon. Robert Dow, Jr., to this Honorable Court and consolidate both actions. In support of their Motion, Plaintiffs state as follows:

I. Background

On April 25, 2013, Plaintiffs filed their initial Complaint [D.E. #1] against Defendants JNS Holding Corporation ("JNS Holding") and JNS Power & Control Systems, Inc. ("JNS Power") (collectively, "Defendants"). The dispute revolves around the determination of Defendants' rights in an Asset Purchase Agreement that was executed between JNS Power and 350 Green, LLC ("350 Green") *after* Plaintiffs were to have closed on a transaction wherein they

were to have purchased all of 350 Green's stock. Plaintiffs seek to have this Honorable Court to declare the APA void as a matter of law, and have alleged one count of tortious interference with contractual relations. A copy of the Complaint is attached hereto as Exhibit A.

On or about on May 30, 2013, Defendant JNS Power filed a lawsuit against 350 Green in the United States District Court for the Northern District of Illinois, Eastern Division, in an action entitled *JNS Power & Control Systems, Inc. v. 350 Green, LLC*, Case No. 13-cv-04020 (the "JNS Action"), which is pending before the Honorable Robert M. Dow. A copy of the complaint in the JNS Action is attached hereto as Exhibit 2. JNS Power is seeking specific performance by 350 Green under the APA, and is seeking indemnification of its legal fees from 350 Green, pursuant to the terms of the APA. JNS Power has moved to expedite discovery in the JNS Action [D.E. #6].

Also on May 30, 2013, Defendants moved to dismiss Plaintiffs' Complaint arguing that the action was barred under the doctrine of *res judicata*, and that 350 Green was a necessary party to the action. On June 10, 2013, Plaintiffs moved this Honorable Court for leave to amend the Complaint to include 350 Green, LLC ("350 Green") as a party Plaintiff.

The underlying issue in both cases is the validity of the APA. If the Court determines the APA is valid, then JNS Power will have an interest in certain assets. If the Court determines that the APA is not valid, Plaintiffs will retain their interest in the same assets. Consequently, these cases are intertwined. They involve the same issues of fact, the same issues of law, and will utilize overlapping witnesses and documents. Because the criteria under Fed. R. Civ. P. 42 and Local Rule 40.4 are satisfied, the Court should grant Plaintiffs' motion for reassignment of the JNS Action to this Court and consolidate it with the instant action.

II. <u>Argument</u>

    *a. Reassignment of the JNS Action under Local Rule 40.4*

Local Rule 40.4(a) provides that civil cases are related under the Rule where one or more of the following conditions are met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Local Rule 40.4(b) further provides that a related action may be reassigned where each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

In this situation, the aforementioned criteria of L.R. 40.4(a) are easily met. First, the cases involve the same issues of fact or law and grow out of the same occurrence. Specifically, both cases involve the validity of the APA as a matter of law. The APA was executed by JNS Power during the pendency of litigation between Plaintiffs and 350 Green, at the time when Plaintiffs contend that Defendants had knowledge of the pre-existing contract between Plaintiffs and 350 Green, which specifically contemplated and included the sale of certain assets related to a grant by the City of Chicago to install a network of electric vehicle charging stations in the Chicago area. Therefore both cases will require the Court to make factual findings based on the same evidence.

The requirements set forth in Local Rule 40.4(b) are satisfied here as well. Both cases are pending in the Northern District of Illinois. Because of the significant similarities between the two cases, a substantial saving of judicial time and effort will result from having the same judge preside over both cases. Judicial efficiency will be maximized if Judge Bucklo, who presides over the instant action, also presides over the JNS Action, as she will be in the best position to coordinate the calendars of the two cases, coordinate and resolve discovery issues and disputes

Additionally, no discovery has occurred in either case. However, JNS Power has moved for expedited discovery in the JNS Action, which 350 Green has opposed, arguing that it makes no sense to have expedited discovery in the JNS Action and not in the instant action, especially when JNS has filed a Motion to Dismiss in the instant action based partially on an argument of *res judicata*, which Plaintiff believe has no basis in law. A reassignment of the JNS Action to this Court would not result in any delay, but would in fact facilitate expedited discovery.

Finally, in light of the similarities between the two cases, both cases are susceptible of disposition in a single proceeding. Specifically, if it is determined that the APA is invalid, the JNS Action instantly fails as a matter of law and is rendered moot in its entirety. However, if the case is not reassigned, the possibility of inconsistent judgments exists, as one Judge could find that JNS Power has an interest in the APA and order 350 Green's specific performance thereunder, and another Judge could rule in favor of Plaintiffs and find that the APA is void as a matter of law.

Consequently, because the requirements of L.R. 40.4 are met, the Court should grant Plaintiffs' motion for reassignment in the interest of promoting judicial economy

### b. Consolidation under Fed. R. Civ. P. 42(a)

Further, these cases should be consolidated under Fed. R. Civ. P. 42(a). Fed. R. Civ. P. 42(a) provides that if "actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A court has discretion to consolidate related cases, which involve common questions of fact and law under Fed. R. Civ. P. 42(a) under the policy that considerations of judicial economy strongly favor simultaneous resolutions of all claims growing out of one event. See, *Dollens v. Zionts*, 2001 U.S. Dist. LEXIS 19966 (N.D. Ill. 2001), quoting *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). As set forth in the proceeding section, both the instant action and the JNS Action share many common questions of fact and law.

As discussed above, both cases share common questions of law and fact, thereby making consolidation of the two cases proper under Rule 42(a). All parties involve have expressed an interest in expediting the proceedings to obtain a resolution on the issues before the Court. Consolidation of the two actions, which are both in the very early stages of litigation, would not result in any delay. Nor would any party to either action be prejudiced by consolidation at this stage. Consolidation is appropriate where, as here, joining the actions would promote judicial economy and efficiency. Judicial economy results if granting a motion for a separate trial would eliminate the need for future trial if one of the parties is successful. See, *Greening v. B.F. Goodrich Co.*, 1993 U.S. Dist. LEXIS 5419, *3 (N.D. Ill. 1993).

However, should the cases not be consolidated, as set forth above, the possibility exists that two Courts will examine the same evidence and conduct of the parties and come to different

conclusions as to their admissibility and ultimate impact on the respective cases, which could ultimately result in competing orders. Thus, prejudice is far more likely if the cases are not consolidated.

Consequently, based on the foregoing, this Court should consolidate the JNS Action into the instant action.

   III.   Conclusion

Based upon the fact that the instant case and the JNS Action involve overwhelmingly the same issues of law and/or fact, as well as the substantial savings of judicial time and effort which would occur if the cases were found to be related, this Court should so find and reassign the JNS Action to this Honorable Court pursuant to L.R. 40.4, and subsequently consolidate both actions pursuant to Fed. R. Civ. P. 42(a).

WHEREFORE, Plaintiffs Car Charging Group, Inc. and 350 Holdings, LLC respectfully request this Honorable Court to enter an Order (i) reassigning the JNS Action to this Honorable Court pursuant to L.R. 40.4l; (ii) consolidate both actions pursuant to Fed. R. Civ. P. 42(a); and (iii) for any other relief this Court deems just and necessary.

Dated: June 11, 2013						Respectfully submitted,


						Plaintiffs Car Charging Group, Inc. and
						350 Holdings, LLC


						By: _____*/s/Steven L. Baron*_____
							One of their attorneys


Steven L. Baron (ARDC No. 6200868)
Natalie A. Harris (ARDC No. 6272361)
Mandell Menkes LLC – Firm No. 38081
One North Franklin Street, Suite #3600
Chicago, Illinois 60606
Telephone: (312) 251-1000
Facsimile: (312) 251-1010
e-mail: sbaron@mandellmenkes.com
e-mail: nharris@mandellmenkes.com


Michael I. Berstein, admitted *pro hac vice*
The Bernstein Law Firm
1688 Meridian Avenue, Suite 418
Miami Beach, Florida 33139
Telephone: (305) 672-9544
Facsimile: (305) 672-4572
e-mail: michael@bernstein-lawfirm.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that he caused to be filed the aforementioned document, electronically, with United States District Court for the Northern District of Illinois, on June 11, 2013, which will be served via ECF on all counsel of record.


                                      /s/ Steven L. Baron