**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAR CHARGING GROUP, INC. a Nevada Corporation and 350 HOLDINGS, LLC, a Florida limited liability company, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Case No. **13-cv-03124** |
| JNS HOLDING CORPORATION, a Delaware corporation, and JNS POWER & CONTROL SYSTEMS, INC., an Illinois Corporation, | ) ) ) ) ) | Hon. Elaine E. Bucklo |
| Defendants. | | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
RELATEDNESS PURSUANT TO LOCAL RULE 40.4 [D.E. #21]**

Come now, Plaintiffs Car Charging Group, Inc. ("CCGI") and 350 Holdings, LLC ("350 Holdings") (collectively, "Plaintiffs"), by and through its undersigned counsel, and files its Response in Opposition to Defendants JNS Holdings Corporation ("JNS Holdings") JNS Power & Control Systems, Inc., ("JNS Power")(collectively "Defendants")'s Motion For Relatedness Pursuant to Local Rule 40.4 [D.E. #21], and as grounds would state as follows:

On June 11, 2013, Defendants filed a Motion for Relatedness Pursuant to Local Rule 40.4 [D.E. #21](hereinafter "Defendants' Motion"), seeking that this Court find that the instant action is related to the action currently filed in the United States District Court for the Northern District of Illinois, Eastern Division entitled *JNS Power & Control Systems, Inc. v. 350 Green, LLC*, Case No. 13-cv-04020 (the "JNS Action"), which is currently pending before the Honorable Robert M. Dow, and requesting that the Executive Committee reassign the JNS Complaint to this Court or another.

Also on June 11, 2013, Plaintiffs filed a Motion for Reassignment and Consolidation Pursuant To L.R. 40.4 And Fed. R. Civ. P. 42 [D.E. #23]. Similarly to Defendant, Plaintiffs believe that the instant action is intertwined with the JNS Action, and in fact believe that instead of filing a separate action, JNS should have filed a third party claim against 350 Green, LLC ("350 Green") in that the underlying issue in both cases is the validity of the Asset Purchase Agreement (the "APA") executed between JNS Power and 350 Green. Plaintiffs believe that both cases overwhelmingly involve the same issues of law and/or fact, and that both cases are susceptible of disposition in a single proceeding.

In addition to seeking reassignment of the JNS Action, Plaintiffs believe that the cases should be consolidated pursuant to Fed. R. Civ. P. 42, as consolidation would result in a substantial savings of judicial time and effort, and would prohibit separate courts from examining the same evidence and conduct of the parties and come to different conclusions as to their admissibility and ultimate impact on the respective cases, which could ultimately result in competing orders.

In their Motion, Defendants request that the complaint in the JNS Action should be reassigned for coordination of discovery and further proceedings only, and that a decision to consolidate the actions be stayed pending further rulings on the Defendants' pending motion to dismiss and after completion of the limited expedited discovery requested by JNS Power in the JNS Action. Plaintiffs vehemently disagree with Defendants' position on this issue.

JNS Power has moved to expedite discovery and the proceedings in the JNS Action [D.E. #6], alleging that it will take JNS Power four months to complete the Chicago project, which JNS Power alleges must be completed by December 31, 2013 or the funds available from a Federal Grant to complete the Chicago project will no longer be available. While Plaintiffs

acknowledge that the issues before the Court in both this action and the JNS Action are time sensitive, Plaintiffs do not believe that the discovery and proceedings in the JNS Action should be expedited unless both actions are consolidated, and refer this Court to 350 Green's Response in Opposition to Plaintiff's Motion for Expedited Discovery [D.E. #16], that was filed in the JNS Action on June 14, 2013 (copy attached hereto as Exhibit "A") and which clearly evidences that this manufactured "urgency" by JNS Power is nothing more than an intentional twisting of facts to mislead the Court.

Specifically, instead of trying to resolve the issues on the merits, JNS continues to play procedural games that only have the effect of delaying the proceedings. Either the issues before the Court are related to the JNS Action and need to be dealt with expeditiously or they do not, but it is completely disingenuous for Defendants to represent that the cases should be reassigned based on their relatedness, but that only the JNS Action needs to be resolved in an expedited fashion when the issues raised in both actions are completely interrelated. Specifically, if the Court determines the APA is valid, then JNS Power will have an interest in certain assets of 350 Green located in Chicago. If the Court determines that the APA is not valid, then JNS Power will have no right, title or interest whatsoever to any assets of 350 Green purportedly transferred under the APA, and said assets will remain owned and controlled by 350 Holdings, as owner of 350 Green. However, should this Court fail to consolidate the cases, and allow the JNS Action to proceed in an expedited fashion while the instant action moves on a normal track, the possibility exists that there will be inconsistent judgments with respect to which party has title to the assets contemplated in the APA.

Finally, while Plaintiffs agree that the cases should be reassigned for relatedness under L.R. 40.4, Plaintiffs do not believe that this case should be assigned to a wholly new judge, as

3

requested in the alternative by the Defendants.  The parties have attended hearings before both

Judge Bucklo and Judge Dow, who both have had an opportunity to review various filings and

familiarize themselves with the facts of both cases at bar.  Any request by Defendants to reassign

the cases to an entirely new judge simply confirms Plaintiffs' suspicion that Defendants simply

want to play procedural games instead of attempting to bring both cases to a final resolution on

their respective merits.

Dated:  June 18, 2013                          Respectfully submitted,

 

 

                                                        Plaintiffs Car Charging Group, Inc. and
                                                         350 Holdings, LLC

                                                     By:      *s/Michael I. Bernstein*
                                                           One of their attorneys

Michael I. Bernstein, admitted *pro hac vice*
The Bernstein Law Firm
1688 Meridian Avenue, Suite 418
Miami Beach, Florida 33139
Telephone: (305) 672-9544
Facsimile: (305) 672-4572
e-mail: michael@bernstein-lawfirm.com

Steven L. Baron (ARDC No. 6200868)
Natalie A. Harris (ARDC No. 6272361)
Mandell Menkes LLC – Firm No. 38081
One North Franklin Street, Suite #3600
Chicago, Illinois 60606
Telephone: (312) 251-1000
Facsimile: (312) 251-1010
e-mail: sbaron@mandellmenkes.com
e-mail: nharris@mandellmenkes.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused to be filed the aforementioned document, electronically, with United States District Court for the Northern District of Illinois, on June 18, 2013, which will be served via ECF on all counsel of record.

s/ *Michael I. Bernstein*